# EXHIBIT A

1 | HAROLD G. BECKS, State Bar No. 59126
hbecks@beckslaw.com
2 | DOUGLAS L. DAY, State Bar No. 92581
dougday@beckslaw.com
3 | RONALD S. HOUSMAN, State Bar No. 117884
rhousman@beckslaw.com
4 | HAROLD G. BECKS & ASSOCIATES
3250 Wilshire Boulevard Suite 708
5 | Los Angeles, California 90010
Telephone: (213) 385-9852
6 | Fax: (213) 385-1370

7 | Attorneys for Defendants
COUNTY OF LOS ANGELES; SHERIFF JIM MCDONNELL;
8 | CAPTAIN JACK EWELL; SERGEANT SEAN BURKE; DEPUTY ANTHONY
GEISBAEUER; DEPUTY JUAN RODRIGUEZ; DEPUTY EDSON SALAZAR;
9 | DEPUTY DONALD MCNAMARA; DEPUTY STEVEN PRATT; DEPUTY IAN
STADE; DEPUTY DANIEL WELLE; AND DEPUTY JAMES WHEELER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN SOARES, TIFFANY SOARES, ALISSA VARNEDOE, JAYDA MACCASKIE AS MOTHER AND NATURAL GUARDIAN FOR MINOR CHILDREN "J.V." AND "S.V.", CHILDREN OF DECEDENT, AND SUCCESSORS OF INTEREST, HEIRS.<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, SHERIFF JIM MCONNELL, CAPTAIN JACK EWELL, SERGEANT SEAN BURKE, DEPUTY ANTHONY GEISBAUER, DEPUTY JUAN RODRIGUEZ, DEPUTY EDSON SALAZAR, DEPUTY DONALD MCNAMARA, DEPUTY STEVEN PRATT, DEPUTY IAN STADE, DEPUTY DANIEL WELLE, DEPUTY WHEELER; and DOES 1 - 10,<br><br>Defendants. | **CASE NO.:  2:17-cv-00924 RGK-AS**<br><br>**Assigned to Hon. R. Gary Klausner**<br><br><br>**DEFENDANT SHERIFF JIM MCDONNELL'S SPECIAL INTERROGATORIES TO PLAINTIFF, ALISSA VARNEDOE – SET ONE** |

1

**DEFENDANT SHERIFF JIM MCDONNELL'S SPECIAL INTERROGATORIES TO PLAINTIFF, ALISSA VARNEDOE – SET ONE**

| | | | |
|---|---|---|---|
| 1 | PROPOUNDING PARTY | : | DEFENDANT SHERIFF JIM MCCONNELL |
| 3 | RESPONDING PARTY | : | PLAINTIFF ALISSA VARNEDOE |
| 4 | SET NO. | : | One |

**DEMAND IS HEREBY MADE UPON YOU**, pursuant to Federal Rules of Civil Procedure, Rule 33, by Defendant and Propounding Party that you provide verified responses to these Special Interrogatories, Set Number One, specified below within (30) days (33 if served by mail) of this set of Special Interrogatories.

## DEFINITIONS AND INSTRUCTIONS

1. As used herein, the words "**DOCUMENT**" or "**DOCUMENTS**", mean any kind of written, typewritten, printed or recorded material whatsoever, including but not limited to, any notes, memoranda, charges, complaints, claims, affidavits, statements, papers, files, forms, data, audio and/or video tapes, transcriptions of audio and/or video tapes, printouts, letters, reports, communications, contracts, agreements, telegrams, records, correspondence, diaries, calendars, logs, recordings, and transcriptions of recordings, information retrievable from computers, photographs, diagrams, or any other writing, however produced or reproduced, and further includes, without limitation, originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents whether or not used, within the possession, custody, and/or control of Plaintiff, or his agents, attorneys, physicians, psychiatrists, psychologists, counselors, and/or any other persons who may act on his behalf, excepting only those documents which are privileged or otherwise protected from discovery, as to which the claim of privilege or protection is specifically stated by written notice to Plaintiff, in the written response required under Federal Rules of Civil Procedure Rule 34.

2. "**YOU**" or "**YOU OR ANYONE ACTING ON YOUR BEHALF**"

includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

3. **"DEFENDANT"** means and refers to the named Defendant in the interrogatory and his/her/its/their agents, representatives and attorneys.

4. **"PERSON"** includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

5. **"HEALTH CARE PROVIDER"** includes any **PERSON** referred to in California Code of Civil Procedure section 667.7(e)(3).

**INCIDENT"** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action as set forth in the First Amended Complaint.

6. **"ADDRESS"** means the street address, including the city, state, and zip code.

7. **"PLAINTIFF"** means ALISSA VARNEDOE

8. **"FINANCIAL SUPPORT"** means cash, benefits, stocks, financial instruments of any type, payment of rent, payment of bills, provision of insurance, payment of support, or any type of transfer of cash, benefits, or services to Plaintiff.

## SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

Identify with specificity any official policy, practice or custom of **DEFENDANT COUNTY OF LOS ANGELES** pursuant to which **YOU** contend **DEFENDANTS** were acting at the time of the **INCIDENT**.

**SPECIAL INTERROGATORY NO. 2:**

Identify all **DOCUMENTS** that support **YOUR** contention of the existence of an official policy, practice or custom of **DEFENDANT COUNTY OF LOS ANGELES** pursuant to which **DEFENDANTS** were acting at the time of the

INCIDENT.

///

**SPECIAL INTERROGATORY NO. 3:**

State all facts upon which **YOU** base **YOUR** contention that **DEFENDANT SHERIFF JIM McDONNELL** "was notified, and approved and ratified the plan to throw in excess of fourteen (14) canisters of gas and a gas bomb into the house where Decedent was residing to 'smoke' Decedent out from inside the residence" as alleged in Paragraph 27 of the First Amended Complaint.

**SPECIAL INTERROGATORY NO. 4:**

Identify all **DOCUMENTS** that support **YOUR** contention that **DEFENDANT SHERIFF JIM McDONNELL** "was notified, and approved and ratified the plan to throw in excess of fourteen (14) canisters of gas and a gas bomb into the house where Decedent was residing to 'smoke' Decedent out from inside the residence" as alleged in Paragraph 27 of the First Amended Complaint.

**SPECIAL INTERROGATORY NO. 5:**

State all facts upon which **YOU** base **YOUR** contention that **DEFENDANT SHERIFF JIM McDONNELL** "knew or should have known Commander MAXWELL had a penchant of burning barricaded suspects as well" as alleged in Paragraph 27 of the First Amended Complaint.

**SPECIAL INTERROGATORY NO. 6:**

Identify all **DOCUMENTS** that support **YOUR** contention that **DEFENDANT SHERIFF JIM McDONNELL** "knew or should have known Commander MAXWELL had a penchant of burning barricaded suspects as well" as alleged in Paragraph 27 of the First Amended Complaint.

**SPECIAL INTERROGATORY NO. 7:**

State all acts, omissions or evidence of deliberate indifference on the part of **DEFENDANT SHERIFF JIM McDONNELL** which **YOU** contend resulted in

the deprivation of Plaintiffs' and/or Decedents' constitutional rights as alleged in Paragraph 57 of the First Amended Complaint.

///

**SPECIAL INTERROGATORY NO. 8:**

Identify all **DOCUMENTS** that support **YOUR** contention that acts, omissions or evidence of deliberate indifference on the part of **DEFENDANT SHERIFF JIM McDONNELL** resulted in the deprivation of Plaintiffs' and/or Decedents' constitutional rights as alleged in Paragraph 57 of the First Amended Complaint.

**SPECIAL INTERROGATORY NO. 9:**

State all facts upon which **YOU** base **YOUR** contention that **DEFENDANT PATRICK MAXWELL** "devised, approved, and ratified the plan to throw the many gas canisters into the home as a way to intentionally harm Decedent" as alleged in paragraph 27 of the First Amended Complaint.

**SPECIAL INTERROGATORY NO. 10:**

Identify all **DOCUMENTS** that support **YOUR** contention that **DEFENDANT PATRICK MAXWELL** "devised, approved, and ratified the plan to throw the many gas canisters into the home as a way to intentionally harm Decedent" as alleged in paragraph 27 of the First Amended Complaint.

**SPECIAL INTERROGATORY NO. 11:**

State all facts upon which **YOU** base **YOUR** contention that **DEFENDANT** "EWELL condoned and ratified the excessive use of gas and unsafe incendiary devices, which he knew or should have known would cause a fatal fire" as alleged in Paragraph 27 of the First Amended Complaint.

**SPECIAL INTERROGATORY NO. 12:**

Identify all **DOCUMENTS** that support **YOUR** contention **DEFENDANT** "EWELL condoned and ratified the excessive use of gas and unsafe incendiary

devices, which he knew or should have known would cause a fatal fire" as alleged in Paragraph 27 of the First Amended Complaint.

**SPECIAL INTERROGATORY NO. 13:**

State all facts upon which **YOU** base **YOUR** contention that the Fire Department was delayed in its arrival at 16335 Gadsden Avenue, Lancaster "because Defendants had blocked access to the Decedent and the property" as alleged in paragraph 38 of the First Amended Complaint.

**SPECIAL INTERROGATORY NO. 14:**

Identify all **DOCUMENTS** that support **YOUR** contention the Fire Department was delayed in its arrival at 16335 Gadsden Avenue, Lancaster "because Defendants had blocked access to the Decedent and the property" as alleged in paragraph 38 of the First Amended Complaint.

**SPECIAL INTERROGATORY NO. 15:**

State all facts upon which **YOU** base **YOUR** contention that "Defendants grossly violated the training and standards involved in making reasonable searches and seizures of subjects, and especially in using the tomahawk 'burn safe'" as alleged in paragraph 39 of the First Amended Complaint.

///
///
///

**SPECIAL INTERROGATORY NO. 16:**

and seizures of subjects, and especially in using the tomahawk 'burn safe'" as alleged in paragraph 39 of the First Amended Complaint.

DATED: November 20, 2017	HAROLD G. BECKS & ASSOCIATES

By: /s/ Douglas L. Day
HAROLD G. BECKS
DOUGLAS L. DAY
Attorneys for Defendants
COUNTY OF LOS ANGELES;
SHERIFF JIM MCDONNELL;
CAPTAIN JACK EWELL;
SERGEANT SEAN BURKE;
DEPUTY ANTHONY GEISBAEUER;
DEPUTY JUAN RODRIGUEZ;
DEPUTY EDSON SALAZAR;
DEPUTY DONALD MCNAMARA;
DEPUTY STEVEN PRATT; DEPUTY
IAN STADE; DEPUTY DANIEL
WELLE; AND DEPUTY JAMES
WHEELER

# PROOF OF SERVICE

*Soares v. County of Los Angeles, et al.*
USDC Case No.: 2:17-cv-00924

I am employed in the City of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 3250 Wilshire Boulevard, Suite 708, Los Angeles, California 90010.

On **November 20, 2017,** I served the foregoing document described as: **DEFENDANT SHERIFF JIM MCDONNELL'S SPECIAL INTERROGATORIES TO PLAINTIFF, ALISSA VARNEDOE – SET ONE,** to all interested parties in this action by a true and accurate copy thereof, enclosed in sealed envelopes, addressed as follows:

Tristan G. Pelayes, Esq.
Armanda J. Parker, Esq.
WAGNER & PELAYES, LLP
1325 Spruce Street, Suite 200
Riverside, CA 92507
Tel: (951) 686-4800
Fax: (951) 686-4081

Attorney for Plaintiffs

[X] **BY MAIL**: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[] **BY ELECTRONIC E-FILING:** (IN COMPLIANCE WITH L.R.5-3-2.1) on **November 20, 2017**, at my place of business.

[X] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **November 20, 2017,** at Los Angeles, California.

                        /s/ Sara Justice
                        Sara Justice

## VERIFICATION

### [Carpenter v. County of Los Angeles]

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I have read the foregoing: **DEFENDANT LOS ANGELES COUNTY SHERIFF'S DEPARTMENT'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**, and know its contents.

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to the matters which are stated on information and belief, and as to those matters I believe them to be true.

■ I am X an Officer ___ a partner ___ an ___ of the County of Los Angeles, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe, and on that basis allege, that the matters stated in the forgoing document are true. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe, and on that basis allege, that the matters stated in the foregoing document are true.

Executed on MARCH 1, 2018, at COMMERCE, California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

DONALD MEADE
Print Name

_____
Signature

12 | Page
DEFENDANT LOS ANGELES COUNTY SHERIFF'S DEPARTMENT'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE