Tristan G. Pelayes, Esq. (SBN: 206696)
Jacob P. Menicucci, Esq. (SBN: 305237)
WAGNER & PELAYES, LLP
1325 Spruce Street, Suite 200
Riverside, CA  92507
Telephone:  (951) 686-4800
Fax:             (951) 686-4801
tgp@wagner-pelayes.com
jpm@wagner-pelayes.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN SOARES, TIFFANY SOARES, ALISSA VARNEDOE, JAYDA MACCASKIE AS MOTHER AND NATURAL GUARDIAN FOR MINOR CHILDREN "J.V." AND "S.V.," CHILDREN OF DECEDENT, AND SUCCESSORS OF INTEREST, HEIRS.<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, SHERIFF JIM MCDONNELL, CAPTAIN JACK EWELL, SERGEANT SEAN BURKE, DEPUTY ANTHONY GEISBAUER, DEPUTY JUAN RODRIQUEZ, DEPUTY EDSON SALAZAR, DEPUTY DONALD MCNAMARA, DEPUTY STEVEN PRATT, DEPUTY IAN STADE, DEPUTY DANIEL WELLE, DEPUTY WHEELER, COMMANDER PATRICK MAXWELL, and DOES 1-10<br><br>　　　　　　　　Defendants. | CASE NO: 2:17-cv-00924-RGK-AS<br><br>*Honorable R. Gary Klausner*<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE NO*. 3 TO EXCLUDE EVIDENCE OF THE COUNTY OF LOS ANGELES' FINDINGS THAT THE DEPUTIES' USE OF FORCE WAS NOT CRIMINAL, WAS REASONABLE, JUSTIFIED, AND/OR WAS WITHIN POLICY**<br><br>*[Filed concurrently with Declaration of Jacob P. Menicucci and proposed Order]*<br><br>**Pre-Trial Conference**<br>**Date:**　　May 14, 2018<br>**Time:**　　9:00 a.m.<br>**Crtrm:**　　850<br><br>**Trial by Jury**<br>**Date:**　　May 29, 2018<br>**Time:**　　9:00 a.m.<br>**Crtrm**:　　850 |

1

---
PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE
EXCLUDE EVIDENCE OF THE COUNTY OF LOS ANGELES' FINDINGS THAT THE DEPUTIES' USE OF FORCE WAS
NOT CRIMINAL, WAS REASONABLE, JUSTIFIED, AND/OR WAS WITHIN POLICY

TO THE HONORABLE R. GARY KLAUSNER AND DEFENDANTS AND THEIR ATTORNEYS OF RECORD HEREIN:

**PLEASE TAKE NOTICE** that Plaintiffs, Dawn Soares, Tiffany Soares, Alissa Varnedoe, and "J.V." and "S.V.," minors by and through their guardian ad litem, Jayda MacCaskie (hereinafter "Plaintiffs") will and hereby do move the Court for an Order in Limine before jury selection or trial commences to Exclude Evidence of The County of Los Angeles' Findings That the Deputies' Use of Force Was Not Criminal, Was Reasonable, Justified, and/or Was Within Policy.

**<u>Statement of Local Rule 7-3 Compliance</u>**: This motion is made following a conference of counsel during which no resolution could be reached.

This motion will be based upon this notice, the attached memorandum of points and authorities, all pleadings and records on file with the court in this matter, and upon such further oral and documentary evidence as may be presented at the time of the hearing.

Dated:  April 13, 2018                           WAGNER & PELAYES, LLP

<u>/S/ TRISTAN G. PELAYES</u>
TRISTAN G. PELAYES, ESQ.
JACOB P. MENICUCCI, ESQ.
Attorneys for Plaintiffs

2

PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE
EXCLUDE EVIDENCE OF THE COUNTY OF LOS ANGELES' FINDINGS THAT THE DEPUTIES' USE OF FORCE WAS
NOT CRIMINAL, WAS REASONABLE, JUSTIFIED, AND/OR WAS WITHIN POLICY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## INTRODUCTION

This motion seeks to exclude evidence of the findings of any of the County's internal investigations into the incident, including the District Attorney's Office's finding that the "deployment of Hot Gas to assist in the arrest of [Decedent] was reasonable under [the] circumstances" and that the deployment of other gases into the location was reasonable. (Menicucci Decl. ¶ 3, Exhibit A, Bates Nos. DEF0423). The District Attorney's Office's finding that Deputies Geisbauer, McNamara, Rodriguez, and Salazar are not criminally responsible for Decedent's death should also be excluded.

## II.
## LEGAL ARGUMENT

**A. Evidence of the Findings of the County's Internal Investigations are Irrelevant and Should be Excluded Under Federal Rule of Evidence 402**

The findings and conclusions of County's internal investigations, including the San Bernardino Sheriff's Department and District Attorney's Office, are irrelevant. At trial, the jury must determine whether Defendants used unreasonable or excessive force when he was gassed and burned to death with smoke grenades. In addressing an excessive force case under the Fourth Amendment, "the question is whether the officer's actions are 'objectively' reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Thus, only evidence of facts and circumstances known to the Deputies on scene during the incident are relevant and therefore admissible. *Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth

3

PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE
EXCLUDE EVIDENCE OF THE COUNTY OF LOS ANGELES' FINDINGS THAT THE DEPUTIES' USE OF FORCE WAS NOT CRIMINAL, WAS REASONABLE, JUSTIFIED, AND/OR WAS WITHIN POLICY

Amendment, evidence outside the time frame of the shooting is irrelevant and prejudicial.").

The subsequent findings and conclusions of the Los Angeles Sheriff's Department and District Attorney's Office are in no way probative of the factual circumstances confronting the Defendant Officers at the time of the incident. Accordingly, this evidence is irrelevant as to questions of Defendants' liability for constitutional violations. *See Lewis v. City of Chicago Police Department*, 590 F.3d 427, 442 (7th Cir. 2009) (evidence of finding in an internal investigation "states only a conclusion and does not provide much additional probative information …. It merely presents the question the jury was tasked with answering."). Because evidence of the Los Angeles County Sheriff's Department and District Attorney's Office findings and conclusions are not probative of any fact of consequence to the determination of the action, the evidence should be excluded.

### B. Evidence of the Findings of the County's Internal Investigations are Unduly Prejudicial and Should be Excluded Under Federal Rule of Evidence 403

Even if the evidence has some speculative probative value, it should be excluded under Fed. R. Evid. 402 because it is highly prejudicial, poses a significant risk of confusing the jury, and would cause undue delay and waste of time. Determining the reasonableness of Defendant Officers' actions is a task for the jury, and there is significant risk that the jury might give undue deference to the findings of the County Sheriff's Department and District Attorney's Office. The jury might feel bound to abide by the conclusions of the County rather than reaching its own independent conclusions based on all of the evidence. *See Lewis*, 590 F.3d at 442 (finding that evidence of an internal investigation might cause the jury to "simply adopt the result of the internal investigation rather than come to its

4

PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE
EXCLUDE EVIDENCE OF THE COUNTY OF LOS ANGELES' FINDINGS THAT THE DEPUTIES' USE OF FORCE WAS NOT CRIMINAL, WAS REASONABLE, JUSTIFIED, AND/OR WAS WITHIN POLICY

own conclusion after hearing all the evidence."); *Tullos v. Near N. Montessori School, Inc.* 776 F.2d 150, 153-54 (7th Cir. 1985) (excluding evidence of findings in an internal investigation because it was "tantamount to saying this has already been decided and here is the decision.").

Any investigation or conclusion that the County of Los Angeles or its District Attorney's Office internally reviewed Defendants' conduct after Decedent's death and found that they acted reasonably, justly, and within policy is irrelevant to the issue at the heart of this case, which is whether Defendants' conduct amounted to a constitutional violation. Adherence to or deviation from municipal policy is not evidence of a constitutional violation. When balanced against the substantial risk that the County's findings may influence the jury to reach a verdict based on an improper legal standard and thus invite juror error, this evidence should be excluded pursuant to Federal Rule of Evidence.

Moreover, the District Attorney's Office makes a finding with an eye toward criminal prosecution. This review and determination is based on a criminal "beyond a reasonable doubt" standard, rather than the civil "preponderance of the evidence" standard that is applicable in this case. Therefore, informing the jury that the Los Angeles County District Attorney's Office reviewed this incident and opted not to criminally prosecute the involved Deputies will likely (and improperly) persuade the jury to reach a civil finding based on a criminal standard of liability. In fact, even informing the jury—either implicitly or explicitly—that the District Attorney reviewed the incident carries the same risk, as the jury is likely to infer that criminal charges were not brought against the involved deputies. When balanced against the substantial risk that the Los Angeles County District Attorney's conclusions may influence the jury to reach a verdict based on an improper legal standard and thus invite juror error, this evidence should be excluded pursuant to Rule 403.

5
_____
PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE
EXCLUDE EVIDENCE OF THE COUNTY OF LOS ANGELES' FINDINGS THAT THE DEPUTIES' USE OF FORCE WAS NOT CRIMINAL, WAS REASONABLE, JUSTIFIED, AND/OR WAS WITHIN POLICY

## III.
## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the court grant their motion in limine no. 3 to exclude the conclusions of the findings of the County of Los Angeles, its Sheriff's Department, and District Attorney's Office pertaining to the use of force against Decedent, and decision not to press charges.

Dated: April 13, 2018           WAGNER & PELAYES, LLP

*/S/ TRISTAN G. PELAYES*
TRISTAN G. PELAYES, ESQ.
JACOB P. MENICUCCI, ESQ.
Attorneys for Plaintiffs

PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE
EXCLUDE EVIDENCE OF THE COUNTY OF LOS ANGELES' FINDINGS THAT THE DEPUTIES' USE OF FORCE WAS
NOT CRIMINAL, WAS REASONABLE, JUSTIFIED, AND/OR WAS WITHIN POLICY

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss:
COUNTY OF RIVERSIDE    )

I, the undersigned, declare:

I am employed in the County of Riverside, State of California. I am over the age of 18 years and not a party to this action; my business address is 1325 Spruce Street, Suite 200, Riverside, California 92507.

On the date written below, I served the document named below on the parties indicated below, in the following manner:

☒ **(CM/ECF)** I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court Central District of California by using the court's CM/ECF system on the date written above. I certify that all participants in the care are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

**DOCUMENT:** **PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE NO.* 3 TO EXCLUDE EVIDENCE OF THE COUNTY OF LOS ANGELES' FINDINGS THAT THE DEPUTIES' USE OF FORCE WAS NOT CRIMINAL, WAS REASONABLE, JUSTIFIED, AND/OR WAS WITHIN POLICY**

**PARTIES SERVED:**

Harold G. Becks, Esq.                      *Attorneys for Defendants*
Douglas L. Day, Esq.
Ronald S. Housman, Esq.
HAROLD G. BECKS & ASSOCIATES
3250 Wilshire Blvd., Suite 708, Los Angeles, California 90010
Telephone: (213) 385-9852    Fax No.    (213) 385-1370
hbecks@beckslaw.com; dougday@beckslaw.com
rhousman@beckslaw.com

☒ **(FEDERAL)** I declare under penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 13, 2018 at Riverside, California.

*/S/ YOLANDA SERRANO*
Yolanda Serrano

7

PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE
EXCLUDE EVIDENCE OF THE COUNTY OF LOS ANGELES' FINDINGS THAT THE DEPUTIES' USE OF FORCE WAS NOT CRIMINAL, WAS REASONABLE, JUSTIFIED, AND/OR WAS WITHIN POLICY