HAROLD G. BECKS, State Bar No. 59126
hbecks@beckslaw.com
DOUGLAS L. DAY, State Bar No. 92581
dougday@beckslaw.com
HAROLD G. BECKS & ASSOCIATES
3250 Wilshire Boulevard Suite 708
Los Angeles, California 90010
Telephone: (213) 385-9852
Fax: (213) 385-1370

Attorneys for Defendants
COUNTY OF LOS ANGELES; SHERIFF JIM MCDONNELL; COMMANDER PATRICK MAXWELL; CAPTAIN JACK EWELL; SERGEANT SEAN BURKE; DEPUTY ANTHONY GEISBAEUER; DEPUTY JUAN RODRIGUEZ; DEPUTY EDSON SALAZAR; DEPUTY DONALD MCNAMARA; DEPUTY STEVEN PRATT; DEPUTY IAN STADE; DEPUTY DANIEL WELLE; AND DEPUTY JAMES WHEELER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN SOARES, TIFFANY SOARES, ALISSA VARNEDOE, JAYDA MACCASKIE AS MOTHER AND NATURAL GUARDIAN FOR MINOR CHILDREN "J.V." AND "S.V.", CHILDREN OF DECEDENT, AND SUCCESSORS OF INTEREST, HEIRS.<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, SHERIFF JIM McDONNELL, CAPTAIN JACK EWELL, SERGEANT SEAN BURKE, DEPUTY ANTHONY GEISBAUER, DEPUTY JUAN RODRIGUEZ, DEPUTY EDSON SALAZAR, DEPUTY DONALD MCNAMARA, DEPUTY STEVEN PRATT, DEPUTY IAN STADE, DEPUTY DANIEL WELLE, DEPUTY WHEELER; and DOES 1 - 10,<br><br>Defendants. | **CASE NO.: 2:17-cv-00924 RGK-AS**<br><br>**Assigned to Hon. R. Gary Klausner**<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF PRIOR CLAIMS, LAWSUITS OR INCIDENTS OF USE OF FORCE INVOLVING COMMANDER PATRICK MAXWELL; DECLARATION OF DOUGLAS L. DAY**<br><br>DATE:     May 29, 2018<br>TIME:     9:00 a.m.<br>CTRM:   850, 8th Floor |

1

**DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE REFERENCE TO PRIOR INCIDENTS INVOLVING THE USE OF FORCE BY COMMANDER MAXWELL**

**TO THIS HONORABLE COURT AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 29, 2018, at 9:00 a.m., or as soon thereafter as this matter may be heard, Defendants County of Los Angeles, et al, will and do hereby move the above-entitled Court, located at the United States Courthouse, 255 East Temple Street, Courtroom 850, for an Order in limine seeking to exclude any evidence of prior claims, lawsuits or use of force involving Commander Patrick Maxwell.

Defendants request that this Court instruct Plaintiff, their witnesses, and his counsel of record as follows:

> "No party, witness, or attorney shall make any statements, arguments, references or insinuations to the jury or to potential jurors, or question any witness or offer any evidence, concerning any prior claims, lawsuits or incidents use of force involving Commander Patrick Maxwell."

This Motion in limine is made on the grounds that: (1) evidence of prior claims, lawsuits or incidents of use of force is inadmissible to show character or action in conformity therewith; (2) extrinsic evidence of specific instances of conduct is inadmissible to attack credibility; (3) prior claims, lawsuits or incidents of use of force are not probative of truthfulness; and (4) prior claims, lawsuits or incidents of use of force against Commander Maxwell are irrelevant and prejudicial to this matter.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the accompanying Declaration of Douglas L. Day, the records and pleadings on file in this action, and upon such further argument or other evidence as may be presented at the time of the hearing.

**Conference of counsel prior to filing motion (Local Rule 7-3):** This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on April 6, 2018. This conference did not succeed in resolving the issues which are the

2

**DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE REFERENCE TO PRIOR INCIDENTS INVOLVING THE USE OF FORCE BY COMMANDER MAXWELL**

subject of this Motion.

Dated: April 13, 2018        HAROLD G. BECKS & ASSOCIATES


                             By:  /s/ Douglas L. Day
                                  HAROLD G. BECKS
                                  DOUGLAS L. DAY
                             Attorneys for Defendants
                             COUNTY OF LOS ANGELES, *et al.*

3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants anticipate that Plaintiffs may attempt to admit at trial evidence of other claims, lawsuits or incidents of use of use that may have been filed or involved Commander Patrick Maxwell. However, evidence of prior claims, lawsuits or incidents of use of force is irrelevant to determining whether any conduct in this incident involving decedent Leroy Varnedoe was unlawful. It would be highly prejudicial to allow evidence of any other claims, lawsuits or other incidents involving use of force in which Commander Maxwell was involved because such matters may inappropriately influence the jury's determination of whether Commander Maxwell and the other defendants' actions towards decedent and the Plaintiffs in this instance were reasonable and lawful.

Accordingly, Defendants request this Court to preclude Plaintiffs from making any reference to any of Defendants prior claims, lawsuits or incidents involving use of force. Defendants urge this Court to disallow such evidence at trial as it is inappropriate character evidence, irrelevant ad will be extremely prejudicial to defendants.

## II. EVIDENCE OF UNRELATED PRIOR CLAIMS, LAWSUITS OR USES OF FORCE BY COMMANDER MAXWELL ARE INADMISSIBLE TO SHOW CHARACTER OR ACTION IN CONFORMITY THEREWITH

Federal Rules of Evidence, Rule 404(b) provides in pertinent part that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). In order for another act to be admissible under Rule 404(b), the following test must be satisfied: "(1) there must be sufficient proof for the jury to find that the defendant committed the other act; (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the other act must,

4

DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE REFERENCE TO PRIOR INCIDENTS INVOLVING THE USE OF FORCE BY COMMANDER MAXWELL

in some cases, be similar to the offense charged." *Duran v. City of Maywood*, 221 F. 3d 1127, 1132-33 ()9th Cir. 2000). Even if all four conditions are met, the evidence may still be excluded under Federal Rules of Evidence Rule 403 if its prejudicial effect outweighs its probative value.

Here, Plaintiffs will attempt to show that because Commander Patrick Maxwell's past conduct was the subject of prior claims, lawsuits or use of force incidents, it was improper, thus creating an inference that he acted in conformity with that character during the incident in question.

However, evidence of such other acts as this is not admissible to prove the character of Commander Maxwell pursuant to Rule 404(b). Plaintiffs cannot show that prior claims, lawsuits or use of force incidents prove a material issue in Plaintiffs' case, such as whether Commander Maxwell violated the constitutional rights of decedent or Plaintiffs.

### III. PLAINTIFFS MAY NOT INTRODUCE EVIDENCE OF PRIOR CLAIMS, LAWSUITS OR INCIDENTS OF USE OF FORCE TO ATTACK CREDIBILITY OF COMMANDER MAXWELL

Federal Rules of Evidence, Rule 608(b) provides that "specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, … may not be proved by extrinsic evidence." Fed. R. Evid. 608(b). Specific instances of the conduct of a witness "may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness,…" *Id*.

Plaintiffs may attempt to present evidence of prior claims, lawsuits or incidents of use of force involving Commander Patrick Maxwell to show that since other persons filed claims, lawsuits or were involved in incidents with the use of force, Commander Maxwell was dishonest with respect to his conduct in this case.

5

**DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE REFERENCE TO PRIOR INCIDENTS INVOLVING THE USE OF FORCE BY COMMANDER MAXWELL**

However, any extrinsic evidence of this type is not admissible pursuant to Federal Rule of Evidence Rule 608(b) because the fact that Commander Maxwell may have been involved in other claims, lawsuits or incidents of use of force does not reflect in any way upon his truthfulness. Instead, it relates to whether his conduct in different, unrelated matters was justified.

Admission of such evidence would give Plaintiffs an opportunity to make improper suggestions regarding Commander Maxwell's alleged prior conduct which would be unfair and prejudicial. Accordingly, Defendants request this Court order Plaintiffs refrain from introducing extrinsic evidence relating to any prior claims, lawsuits or incidents of use of force involving Commander Patrick Maxwell.

## IV.  **EVIDENCE OF OTHER CLAIMS, LAWSUITS OR INCIDENTS OF USE OF FORCE OF COMMANDER MAXWELL IS IRRELEVANT**

Only relevant evidence is admissible at trial. Fed. R. Evid. 401, 402. Under the Federal Rules, evidence shall only be admissible if it has a tendency to make the existence of any fact that is of consequence to the determination of the action more of less probable. *Id*.

The evidence which is the subject of this Motion is not related to the facts of this case in any way. Any claims, lawsuits or other incidents involving the use of force involve unrelated parties and circumstances unique and distinct from those in this matter. No factual connection can be made between those other matters and the instance action. Nothing in any other claim, lawsuit or use of force incident would tend to show that Commander Maxwell violated the civil rights of decedent or Plaintiffs as alleged in the Complaint. Accordingly, such evidence is irrelevant and inadmissible.

///

///

///

**DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE REFERENCE TO PRIOR INCIDENTS INVOLVING THE USE OF FORCE BY COMMANDER MAXWELL**

## V. ANY PROBATIVE VALUE OF CLAIMS, LAWSUITS OR INCIDENTS OF USE OF FORCE IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNDUE PREJUDICE AND WASTE OF TIME

The Federal Rules of Evidence, Rule 403, provides that evidence may be excluded if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, misleading the jury, or by consideration of waste of time. Fed. R. Evid. 403. Here, evidence of prior claims, lawsuits or incidents of use of force has little use other than an attempt to improperly show character in conformity therewith. "[C]haracter evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened. *Cohn v. Papke*, 655 F. 2d 191, 194 (9th Cir. 1981), *citing* Committee Notes to Rule 404 (quoting California Law Revision Commission). In this case, reference to prior, unrelated claims, lawsuits or incidents of use of force is designed to show character for unlawful conduct, leading the jury to view Commander Maxwell and the defendants as consistently bad actors and improperly infer liability in this particular instance. As a result, introducing such evidence would be severely prejudicial to defendants and should be excluded.

Further, admission of such evidence would lead to a full-blow trial within a trial which would confuse the issues and the jury and be a waste of this Court's judicial resources and time. *See Duran, supra*, 211 F. 3d at 1133 (excluding evidence of subsequent shooting by defendant officer where slight probative value was substantially outweighed by danger of undue prejudice and waste of time from having to call multiple witnesses regarding act.)

In particular, jurors might become confused between the facts of the present

case and that of a prior or subsequent lawsuit.  Moreover, discussion of another claim, lawsuit or incident involving use of force would waste important time needed to concentrate on the facts of this case.  It would also force defendants to divert time from discussion of this incident to explain the nature or merit of the other claim, lawsuit or use of force incident involving Commander Maxwell.  Consequently, for the reasons stated, this evidence should be excluded at trial.

## VI.  CONCLUSION

For the reasons set forth herein, Defendants request that the Court grant Motion in limine No. 1 and enter an Order precluding Plaintiffs and their counsel from introducing any evidence relating to prior claims, lawsuits or other incidents of use of force involving Commander Patrick Maxwell.

Dated:  April 13, 2018                    HAROLD G. BECKS & ASSOCIATES


By:  /s/ Douglas L. Day
    HAROLD G. BECKS
    DOUGLAS L. DAY
    Attorneys for Defendants
    COUNTY OF LOS ANGELES, *et al.*

8

DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE REFERENCE TO PRIOR INCIDENTS INVOLVING THE USE OF FORCE BY COMMANDER MAXWELL

# DECLARATION OF DOUGLAS L. DAY

I, Douglas L. Day, declare:

1. I am an attorney at law duly licensed and entitled to practice in the State of California, and have been admitted to practice before this United District Court for the Central District of California since 1980, as well as before the Southern, Northern and Eastern Districts of California, the Ninth Circuit Court of Appeal, and the United States Supreme Court. I am an associate in the Law Offices of Harold G. Becks & Associates and am one of the attorneys with primary responsibility for the handling of this case on behalf of the Defendants herein. In that capacity, I am personally familiar with the facts set forth herein and if called as a witness in this case, I could and would competently testify hereto.

2. This Declaration is made in support of Defendants' motion *in limine* No. 1.

3. On April 6, 2018, this office sent a letter to Jacob Menicucci, counsel of record for plaintiffs, advising Mr. Menicucci that Defendants wished to exclude all reference to Commander Maxwell's prior uses of force and requesting a conference to discuss whether plaintiffs would stipulate to the inadmissibility of this material

4. On April 6, 2018, I met and conferred with Mr. Menicucci and discussed whether plaintiffs would stipulate to the inadmissibility of evidence or comments regarding Commander Maxwell's prior uses of force. Mr. Menicucci stated that plaintiffs would not stipulate to the exclusion of this evidence.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 13, 2018 at Los Angeles, California.

                                                    /s/ Douglas L. Day
                                                    Douglas L. Day

9

**DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE REFERENCE TO PRIOR INCIDENTS INVOLVING THE USE OF FORCE BY COMMANDER MAXWELL**

# PROOF OF SERVICE

*Soares v. County of Los Angeles, et al.*
USDC Case No.: 2:17-cv-00924

I am employed in the City of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 3250 Wilshire Boulevard, Suite 708, Los Angeles, California 90010.

On **April 13, 2018,** I served the foregoing document described as: **DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF PRIOR CLAIMS, LAWSUITS OR INCIDENTS OF USE OF FORCE INVOLVING COMMANDER PATRICK MAXWELL; DECLARATION OF DOUGLAS L. DAY,** to all interested parties in this action by a true and accurate copy thereof, enclosed in sealed envelopes, addressed as follows:

Tristan G. Pelayes, Esq.
Armanda J. Parker, Esq.
WAGNER & PELAYES, LLP
1325 Spruce Street, Suite 200
Riverside, CA 92507
Tel: (951) 686-4800
Fax: (951) 686-4081

*Attorney for Plaintiffs*

[X] **BY ELECTRONIC E-FILING:** (IN COMPLIANCE WITH L.R.5-3-2.1) on **April 13, 2018**, at my place of business.

[X] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **April 13, 2018,** at Los Angeles, California.

                       /s/ Sara Justice
                       Sara Justice

**DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE REFERENCE TO PRIOR INCIDENTS INVOLVING THE USE OF FORCE BY COMMANDER MAXWELL**