Tristan G. Pelayes, Esq. (SBN: 206696)
Jacob P. Menicucci, Esq. (SBN: 305237)
WAGNER & PELAYES, LLP
1325 Spruce Street, Suite 200
Riverside, CA  92507
Telephone:  (951) 686-4800
Fax:          (951) 686-4801
tgp@wagner-pelayes.com
jpm@wagner-pelayes.com
Attorneys for Plaintiffs

HAROLD G. BECKS (SBN: 59126)
hbecks@beckslaw.com
DOUGLAS L. DAY (SBN: 92581)
dougday@beckslaw.com
HAROLD G. BECKS & ASSOCIATES
3250 Wilshire Blvd., Suite 708
Los Angeles, CA  90010
Telephone: (213) 385-9852
Fax:          (213) 385-1370
Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN SOARES, TIFFANY SOARES, ALISSA VARNEDOE, JAYDA MACCASKIE AS MOTHER AND NATURAL GUARDIAN FOR MINOR CHILDREN "J.V." AND "S.V." CHILDREN OF DECEDENT, AND SUCCESSORS OF INTEREST, HEIRS. | CASE NO: 2:17-cv-00924-RGK-AS *Honorable R. Gary Klausner* **[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER** **Pre-Trial Conference** **Date:** May 14, 2018 **Time:** 9:00 a.m. **Crtrm:** 850 |
| Plaintiffs, vs. | |
| COUNTY OF LOS ANGELES, SHERIFF JIM MCDONNELL, CAPTAIN JACK EWELL, SERGEANT SEAN BURKE, DEPUTY ANTHONY GEISBAUER, DEPUTY JUAN RODRIQUEZ, DEPUTY | **Trial by Jury** **Date:** May 29, 2018 **Time:** 9:00 a.m. **Crtrm**: 850 |

i

EDSON SALAZAR, DEPUTY )
DONALD MCNAMARA, DEPUTY )
STEVEN PRATT, DEPUTY IAN )
STADE, DEPUTY DANIEL WELLE, )
DEPUTY WHEELER, COMMANDER )
PATRICK MAXWELL, and DOES 1- )
10 )
                                              )
              Defendants.           )
                                              )
_____ )

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

ii

# TABLE OF CONTENTS

1.  The Parties ...........................................................................................................1

2.  Jurisdiction and Venue ......................................................................................2

3.  Trial Estimate .....................................................................................................2

4.  Jury Trial ............................................................................................................2

5.  Admitted Facts ...................................................................................................3

6.  Stipulated Facts ..................................................................................................6

7.  Claims and Defenses of the Parties ...................................................................6

8.  Issues Remaining To Be Tried .........................................................................20

9.  Discovery ...........................................................................................................20

10  Disclosures .........................................................................................................20

11. Witness Lists ......................................................................................................20

12. Motions ..............................................................................................................211

13. Bifurcation .........................................................................................................233

14. Superseding Effect Order ..................................................................................23

Following pretrial proceedings, pursuant to F.R. Civ. P. 16 and L.R. 16, IT IS ORDERED:

1. **THE PARTIES**

    A. *Plaintiffs:*    Dawn Soares

                                Tiffany Soares

                                Alissa Varnedoe

                                "J.V." a minor by and through her guardian ad litem, Jayda MacCaskie

                                "S.V." a minor by and through her guardian ad litem, Jayda MacCaskie

    Decedent:    Leroy Genaro Varnedoe aka Michael Soares

Dawn Soares is the mother of the Decedent. Tiffany Soares is the sister of the Decedent. Alissa Varnedoe is the adult daughter of the Decedent. "J.V." and "S.V." are the minor children of the Decedent. All plaintiffs bring wrongful death claims in their individual capacities. Alissa Varnedoe, J.V., and S.V. also assert a claim for violation of Decedent's civil rights as his successors-in-interest.

    B. *Defendants:*    Sheriff Jim McDonnell

                                  Captain Jack Ewell

                                  Sergeant Sean Burke

                                  Deputy Anthony Geisbauer

                                  Deputy Juan Rodriguez

                                  Deputy Edson Salazar

                                  Deputy Donald McNamara

                                  Deputy Steven Pratt

                                  Deputy Ian Stade

                                  Deputy Daniel Welle

                                  Deputy James Wheeler

1

Commander Patrick Maxwell

Each of these parties has been served and has appeared.  All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are:

(a) Plaintiffs' First Amended Complaint ("FAC") (Document No. 54); and

(b) Answer to FAC filed by Defendants (Docket No. 69).

**2.** <u>**FEDERAL JURISDICTION AND VENUE ARE INVOKED UPON THE FOLLOWING GROUNDS**</u>:

Federal jurisdiction is invoked under 42 U.S.C. §1983. This is a civil case which involves civil rights violations by the employees of the County of Los Angeles and its Sheriff's Department, who were acting under color of law in their individual and official capacities as employees of the Sheriff's Department.  The facts requisite to federal jurisdiction are admitted.

**3.** <u>**TRIAL ESTIMATE**</u>

The trial is estimated to take 8-10 trial days.

**4.** <u>**THE TRIAL IS TO BE A JURY TRIAL**</u>

The trial is to be a jury trial, as timely requested by all parties.  At least seven (7) days prior to the trial date, the parties may but need not submit brief proposed voir dire questions for the jury.  Additionally, in accordance with this Court's Order, (a) at least thirty-five (35) days prior to the trial date, plaintiffs shall serve on defendants plaintiffs' proposed jury instructions and special verdict forms; (b) twenty-eight (28) days before trial, defendants shall serve on plaintiffs their objections to plaintiffs' instructions together with any additional instructions defendants intend to offer; (c) twenty-one (21) days before trial, plaintiffs shall serve on defendant plaintiffs' objections to defendants' instructions; (d) sixteen

2

(16) days before trial, counsel shall file with the court a Joint set of jury instructions on which there is agreement. Defendants' counsel has the burden of preparing the joint set of jury instruction; (e) at the same time, each party shall file its proposed jury instructions which are objected to by any other party, accompanied by points and authorities in support of these instructions.

5. <u>**THE FOLLOWING FACTS ARE ADMITTED AND REQUIRE NO PROOF:**</u>

(1) Defendant Sheriff Jim McDonnell was at all relevant times the Sheriff of Los Angeles County Sheriff Department.

(2) Defendant Sheriff Jim McDonnell was employed by Defendant County of Los Angeles.

(3) Defendant Sheriff Jim McDonnell was acting at all relevant times under the color of law.

(4) Defendant Captain Jack Ewell was at all relevant times a Los Angeles County Sheriff's Department Captain.

(5) Defendant Captain Jack Ewell was employed by Defendant County of Los Angeles.

(6) Defendant Captain Jack Ewell was acting at all relevant times under the color of law.

(7) Defendant Sergeant Sean Burke was at all relevant times a Los Angeles County Sheriff's Department Sergeant.

(8) Defendant Sergeant Sean Burke was employed by Defendant County of Los Angeles.

(9) Defendant Sergeant Sean Burke was acting at all relevant times under the color of law.

(10) Defendant Deputy Anthony Geisbauer was at all relevant times a Los Angeles County Sheriff's Department Deputy.

3

(11) Defendant Deputy Anthony Geisbauer was employed by Defendant County of Los Angeles.

(12) Defendant Deputy Anthony Geisbauer was acting at all relevant times under the color of law.

(13) Defendant Deputy Juan Rodriguez was at all relevant times a Los Angeles County Sheriff's Department Deputy.

(14) Defendant Deputy Juan Rodriguez was employed by Defendant County of Los Angeles.

(15) Defendant Deputy Juan Rodriguez was acting at all relevant times under the color of law.

(16) Defendant Deputy Edson Salazar was at all relevant times a Los Angeles County Sheriff's Department Deputy.

(17) Defendant Deputy Edson Salazar was employed by Defendant County of Los Angeles.

(18) Defendant Deputy Edson Salazar was acting at all relevant times under the color of law.

(19) Defendant Deputy Donald McNamara was at all relevant times a Los Angeles County Sheriff's Department Deputy.

(20) Defendant Deputy Donald McNamara was employed by Defendant County of Los Angeles.

(21) Defendant Deputy Donald McNamara was acting at all relevant times under the color of law.

(22) Defendant Deputy Steven Pratt was at all relevant times a Los Angeles County Sheriff's Department Deputy.

(23) Defendant Deputy Steven Pratt was employed by Defendant County of Los Angeles.

(24) Defendant Deputy Steven Pratt was acting at all relevant times

4

under the color of law.

(25)  Defendant Deputy Ian Stade was at all relevant times a Los Angeles County Sheriff's Department Deputy.

(26) Defendant Deputy Ian Stade was employed by Defendant County of Los Angeles.

(27) Defendant Deputy Ian Stade was acting at all relevant times under the color of law.

(28) Defendant Deputy Daniel Welle was act at all relevant times a Los Angeles County Sheriff's Department Deputy.

(29) Defendant Deputy Daniel Welle was employed by Defendant County of Los Angeles.

(30) Defendant Deputy Daniel Welle was acting at all relevant times under the color of law.

(31) Defendant Deputy James Wheeler was at all relevant times a Los Angeles County Sheriff's Department Deputy.

(32) Defendant Deputy James Wheeler was employed by Defendant County of Los Angeles.

(33) Defendant Deputy James Wheeler was acting at all relevant times under the color of law.

(34) Defendant Commander Patrick Maxwell was at all relevant times a Los Angeles county Sheriff's Department Commander.

(35) Defendant Commander Patrick Maxwell was employed by Defendant County of Los Angeles.

(36) Defendant Commander Patrick Maxwell was acting at all relevant times under the color of law.

///

///

6. **THE FOLLOWING FACTS, THOUGH STIPULATED, SHALL BE WITHOUT PREJUDICE TO ANY EVIDENTIARY OBJECTION**:

None.

7. **Claims and Defenses of the Parties**

    *A.*     *Plaintiffs:*

        (a) Plaintiffs plan to pursue the following claims against the following defendants:

           (1) **Claim No. 1:** Plaintiffs allege Fourth Amendment violations against defendant officers for the excessive use of force against Decedent, depriving him of his right to be free from unreasonable seizures as guaranteed by the Fourth Amendment.

           (2) **Claim No. 2:** Plaintiffs second claim alleges violation of their Fourteenth Amendment right to substantive due process right to a familial relationship with Decedent.

           (3) **Claim No. 3:** Decedent's daughters, plaintiffs Alissa Varnedoe, J.V., and S.V. allege through their survival action that Decedent's Fourth Amendment right to be free from unreasonable seizures was violated, ultimately causing his death.

        (b) The elements required to establish Plaintiffs' claims are:

           (1) **For Claim No. 1:**

              1. That the defendants acted under color of law (stipulated fact);

              2. That the nature of the crime Decedent was accused of committing was substantially disproportional to the amount of force used by officers on the scene;

              3. That the deputies on scene created the dangerous

6

situation by making it a call-out scenario for SWAT rather than surveilling Decedent's home and waiting for him to exit on his own volition;

4. That during the standoff, Decedent never posed an immediate threat to the safety of the officers on scene or others;

5. That Decedent was not actively resisting arrest or attempting to evade arrest by flight;

6. That the amount of time the deputies on scene had to determine the type and amount of force that reasonably appeared necessary was more than sufficient, and with that time, officers acted unreasonably hasty;

7. That the use of multiple highly flammable hot gas grenades that were designed for only outdoor use was excessive, deadly, and unreasonable;

8. That the deputies, captain, and commander on scene failed to utilize available alternative methods to take Decedent into custody;

9. That at the time the gas grenades were dangerously deployed into Decedent's home, Decedent was not and had not put any other's life at risk, including nearby civilians and police officers;

10. That the officers failed to give warning of the imminent use of force even though it was practical to give such a warning;

11. That it was apparent to the officers on scene that Decedent was emotionally disturbed because of the

7

extreme amounts of methamphetamine he had been using;

12. That the officers on scene did not have probable cause to believe that Decedent had committed a crime involving the infliction or threatened infliction of serious physical harm.

13. That the harm inflicted to Decedent was known to Defendants to be caused by the use of the grenade.

(2) **For Claim No. 2**:

1. That the officers used excessive force;

2. That the officers conduct "shocks the conscience" because they acted with deliberate indifference when the;

3. That the officers acted with a conscious and reckless disregard of the consequences of their actions.

(3) **For Claim No. 3**:

1. That the defendants acted under color of law (stipulated fact);

2. That the nature of the crime Decedent was accused of committing was substantially disproportional to the amount of force used by officers on the scene;

3. That the deputies on scene created the dangerous situation by making it a call-out scenario and calling in SWAT rather than surveilling Decedent's home and waiting for him to exit on his own volition;

4. That during the standoff, Decedent did not pose an immediate threat to the safety of the officers on scene or others;

8

5. That Decedent was not actively resisting arrest or attempting to evade arrest by flight;

6. That the amount of time the deputies on scene had to determine the type and amount of force that reasonably appeared necessary was more than sufficient, and with that time, officers acted unreasonably hasty;

7. That the use of multiple highly flammable gas grenades that were designed for outdoor use only was excessive and unreasonable;

8. That the officers on scene failed to utilize available alternative methods to take Decedent into custody;

9. That at the time the gas grenades were dangerously deployed into Decedent's home, Decedent was not and had not put any other's life at risk, including nearby civilians and police officers;

10. That the officers failed to give warning of the imminent use of force even though it was practical to give such a warning;

11. That it was apparent to the officers on scene that Decedent was emotionally disturbed because of the extreme amounts of methamphetamine he had been using;

12. That the officers on scene did not have probable cause to believe that Decedent had committed a crime involving the infliction or threatened infliction of serious physical harm.

///

9

(c) In brief, the key evidence Plaintiffs rely on for each of the claims

is:

(1) **<u>For Claim No. 1:</u>**

- Testimony of Dawn Soares
- Testimony of Tiffany Soares
- Testimony of Alissa Varnedoe
- Testimony of Jayda Maccaskie
- Testimony of J.V.
- Testimony of S.V.
- Testimony of Plaintiffs' expert Robert Fonzi
- Testimony of Plaintiffs' expert Tom Yu
- Testimony of Plaintiffs' expert Nina Scotti
- Testimony of PMK Christopher Young
- Testimony of Safariland PMK John Kapeles
- Testimony of Thomas Giandomenico of the Covina-Thomas Company
- Testimony of Dr. Jeffrey Gutstadt
- Testimony of Dr. Binh Ly, MD
- Testimony of Deputy Anthony Geisbauer
- Testimony of Deputy Daniel Welle
- Testimony of Deputy Ian Stade
- Testimony of Commander Jack Ewell
- Testimony of Sergeant Thomas Giandomenico
- Testimony of Commander Patrick Maxwell
- Testimony of Tania Owen
- Testimony of Deputy Steven Pratt
- Testimony of Sergeant Sean Burke

10

- Testimony of Deputy Juan Rodriguez
- Testimony of Deputy Rick Hernandez
- Testimony of Deputy Peter Lavin
- Testimony of Deputy John Montenegro
- Testimony of Deputy Joshua Corrales
- Testimony of Deputy George Creamer
- Testimony of Deputy Seth Belville
- Testimony of Detective Frank Solerno
- Testimony of Lieutenant Michael O'Shea
- Testimony of Deputy Joe Garrido
- The testimony of third party witnesses as to the actions of the Decedent and what occurred the night of the incident.
- Documentary evidence produced during discovery, including gas grenade manufacturer's warnings, photographs of the scene of the incident, and the Homicide Report generated in response to the incident.

(2) **For Claim No. 2:**

- Testimony of Dawn Soares
- Testimony of Tiffany Soares
- Testimony of Alissa Varnedoe
- Testimony of Jayda Maccaskie
- Testimony of J.V.
- Testimony of S.V.
- Testimony of Plaintiffs' expert Robert Fonzi
- Testimony of Plaintiffs' expert Tom Yu
- Testimony of Plaintiffs' expert Nina Scotti
- Testimony of PMK Christopher Young

11

- Testimony of Safariland PMK John Kapeles
- Testimony of Thomas Giandomenico of the Covina-Thomas Company
- Testimony of Dr. Jeffrey Gutstadt
- Testimony of Dr. Binh Ly, MD
- Testimony of Deputy Anthony Geisbauer
- Testimony of Deputy Daniel Welle
- Testimony of Deputy Ian Stade
- Testimony of Commander Jack Ewell
- Testimony of Sergeant Thomas Giandomenico
- Testimony of Commander Patrick Maxwell
- Testimony of Tania Owen
- Testimony of Deputy Steven Pratt
- Testimony of Sergeant Sean Burke
- Testimony of Deputy Juan Rodriguez
- Testimony of Deputy Rick Hernandez
- Testimony of Deputy Peter Lavin
- Testimony of Deputy John Montenegro
- Testimony of Deputy Joshua Corrales
- Testimony of Deputy George Creamer
- Testimony of Deputy Seth Belville
- Testimony of Detective Frank Solerno
- Testimony of Lieutenant Michael O'Shea
- Testimony of Deputy Joe Garrido
- The testimony of third party witnesses as to the actions of the Decedent and what occurred the night of the incident.
- Documentary evidence produced during discovery,

12

including gas grenade manufacturer's warnings,
photographs of the scene of the incident, and the Homicide
Report generated in response to the incident.

(3) **For Claim No. 3:**

- Testimony of Dawn Soares
- Testimony of Tiffany Soares
- Testimony of Alissa Varnedoe
- Testimony of Jayda Maccaskie
- Testimony of J.V.
- Testimony of S.V.
- Testimony of Plaintiffs' expert Robert Fonzi
- Testimony of Plaintiffs' expert Tom Yu
- Testimony of Plaintiffs' expert Nina Scotti
- Testimony of PMK Christopher Young
- Testimony of Safariland PMK John Kapeles
- Testimony of Thomas Giandomenico of the Covina-Thomas Company
- Testimony of Dr. Jeffrey Gutstadt
- Testimony of Dr. Binh Ly, MD
- Testimony of Deputy Anthony Geisbauer
- Testimony of Deputy Daniel Welle
- Testimony of Deputy Ian Stade
- Testimony of Commander Jack Ewell
- Testimony of Sergeant Thomas Giandomenico
- Testimony of Commander Patrick Maxwell
- Testimony of Tania Owen
- Testimony of Deputy Steven Pratt

13

- Testimony of Sergeant Sean Burke
- Testimony of Deputy Juan Rodriguez
- Testimony of Deputy Rick Hernandez
- Testimony of Deputy Peter Lavin
- Testimony of Deputy John Montenegro
- Testimony of Deputy Joshua Corrales
- Testimony of Deputy George Creamer
- Testimony of Deputy Seth Belville
- Testimony of Detective Frank Solerno
- Testimony of Lieutenant Michael O'Shea
- Testimony of Deputy Joe Garrido
- The testimony of third party witnesses as to the actions of the Decedent and what occurred the night of the incident.
- Documentary evidence produced during discovery, including gas grenade manufacturer's warnings, photographs of the scene of the incident, and the Homicide Report generated in response to the incident.

B.   *Defendants*

(a) Defendants plan to pursue the following affirmative defenses:

a.  Defendants had probable cause to detain and arrest decedent.

b.  The use of force by Defendants was objectively reasonable under the totality of the circumstances.

c.  Defendants were not deliberately indifferent to any substantial risk of harm to decedent.

d.  Defendants' actions were taken in good faith, within the scope of their duty and without malice.

e.  Defendants' actions were not the moving force of any

violation of decedent's constitutional rights.

      f.  Decedent failed to mitigate or attempt to mitigate damages.

(b) The elements required to establish Defendants' affirmative defenses are:

(a) **For Claim No. 1: (Excessive Force)**

Defendants had probable cause to detain and arrest decedent.

Defendants' conduct, including the use of any force, was objectively reasonable under the totality of the circumstances.

Decedent failed to mitigate his damages or attempt to mitigate his damages, especially due to his failure to obey the commands of the Deputies to exit the residence.

(b) **For Claim No. 2: (Familial Relationship)**

Defendants had probable cause to detain and arrest decedent.

Defendants' conduct did not "shock the conscience".

Defendants were not deliberately indifferent to any substantial risk of harm to decedent.

Defendants' actions were taken in good faith, within the scope of their duty and without malice.

(c) **For Claim No. 3: (Survivor Claim)**

Defendants had probable cause to detain and arrest decedent.

Defendants' conduct, including the use of any force, was objectively reasonable under the totality of the circumstances.

Decedent failed to mitigate his damages or attempt to mitigate his damages, especially due to his failure to obey the

commands of the Deputies to exit the residence.

(c)     In brief, the key evidence Defendants rely on for each affirmative defense is:

**For Claim No. 1: (Excessive Force)**

- The testimony of Captain Jack Ewell
- The testimony of Commander Patrick Maxwell
- The testimony of Sergeant Sean Burke
- The testimony of Deputy Ian Stade
- The testimony of Deputy Anthony Geisbauer
- The testimony of Deputy Daniel Welle
- The testimony of Lt. Thomas Giandomenico
- The testimony of Deputy Juan Rodriquez
- The testimony of Deputy Edson Salazar
- The testimony of Deputy Steven Pratt
- The testimony of Deputy James Wheeler
- The testimony of Deputy Seth Belville
- The testimony of Detective Tania Owen
- The testimony of Dr. Jeffrey Gutstadt
- The testimony of Clarence Chapman
- The testimony of Chester Lee McMillion
- The testimony of Steven Carman
- The testimony of David Rich
- The testimony of Binh Ly, M.D.
- The testimony of Kris Mohandie
- The testimony of Otto Carchi
- The testimony of Thomas Giandomenico
- The testimony of Deliah Clarino

16

- The testimony of Amanda Riley
- The Homicide Report prepared by the Los Angeles County Sheriff's Department Homicide Detectives.

**For Claim No. 2: (Familial Relationship)**

- The testimony of Captain Jack Ewell
- The testimony of Commander Patrick Maxwell
- The testimony of Sergeant Sean Burke
- The testimony of Deputy Ian Stade
- The testimony of Deputy Anthony Geisbauer
- The testimony of Deputy Daniel Welle
- The testimony of Lt. Thomas Giandomenico
- The testimony of Deputy Juan Rodriquez
- The testimony of Deputy Edson Salazar
- The testimony of Deputy Steven Pratt
- The testimony of Deputy James Wheeler
- The testimony of Deputy Seth Belville
- The testimony of Detective Tania Owen
- The testimony of Dr. Jeffrey Gutstadt
- The testimony of Clarence Chapman
- The testimony of Chester Lee McMillion
- The testimony of Steven Carman
- The testimony of David Rich
- The testimony of Binh Ly, M.D.
- The testimony of Kris Mohandie
- The testimony of Otto Carchi
- The testimony of Thomas Giandomenico
- The testimony of Deliah Clarino

17

- The testimony of Amanda Riley
- The testimony of Dawn Soares
- The testimony of Tiffany Soares
- The testimony of Alissa Varnedoe
- The testimony of J.V.
- The testimony of S.V.
- The testimony of Jayda MacCaskie
- The Homicide Report prepared by the Los Angeles County Sheriff's Department Homicide Detectives.

**For Claim No. 3: (Survivor Claim)**

- The testimony of Captain Jack Ewell
- The testimony of Commander Patrick Maxwell
- The testimony of Sergeant Sean Burke
- The testimony of Deputy Ian Stade
- The testimony of Deputy Anthony Geisbauer
- The testimony of Deputy Daniel Welle
- The testimony of Lt. Thomas Giandomenico
- The testimony of Deputy Juan Rodriquez
- The testimony of Deputy Edson Salazar
- The testimony of Deputy Steven Pratt
- The testimony of Deputy James Wheeler
- The testimony of Deputy Seth Belville
- The testimony of Detective Tania Owen
- The testimony of Dr. Jeffrey Gutstadt
- The testimony of Clarence Chapman
- The testimony of Chester Lee McMillion
- The testimony of Steven Carman

18

- The testimony of David Rich
- The testimony of Binh Ly, M.D.
- The testimony of Kris Mohandie
- The testimony of Otto Carchi
- The testimony of Thomas Giandomenico
- The testimony of Deliah Clarino
- The testimony of Amanda Riley
- The testimony of Dawn Soares
- The testimony of Tiffany Soares
- The testimony of Alissa Varnedoe
- The testimony of J.V.
- The testimony of S.V.
- The testimony of Jayda MacCaskie
- The Homicide Report prepared by the Los Angeles County Sheriff's Department Homicide Detectives.

8. **IN VIEW OF THE ADMITTED FACTS AND THE ELEMENTS REQUIRED TO ESTABLISH THE CLAIMS AND AFFIRMATIVE DEFENSES, THE FOLLOWING ISSUES REMAIN TO BE TRIED:**

1. Whether Defendants used excessive force against Decedent.
2. Whether Defendants violated Plaintiffs' Fourteenth Amendment substantive due process right to a familial relationship with Decedent.
3. Whether the actions of Defendant Sheriff Jim McDonnell violated Plaintiffs' and Decedent's constitutional rights;
4. Whether Decedent suffered damages—including but not limited to physical injury, pain and suffering and emotion distress—as a result of Defendants' actions prior to his death.
5. Whether Plaintiffs suffered damages—including but not limited to

19

loss of love comfort and support, loss of financial support, pain and suffering, and emotional distress—as a result of Defendants' actions.

6. The amount of Plaintiffs' and Decedent's compensatory damages, if any.

7. Whether Defendants are liable for punitive damages, and if so, the amount thereof.

8. Whether the Defendants are entitled to qualified immunity when their conduct did not violate clearly established statutory or constitutional rights of which a reasonable officer would have known.

**9.** **ALL DISCOVERY IS COMPLETE**

**10** **ALL DISCLOSURES UNDER F. R. CIV. P. 26(A)(3) HAVE BEEN MADE**

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1.  Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed below:

(1).   Plaintiffs object to Exhibit Nos. 219, 222, 223, 224, 225, 231, 232, 233, 242, 249, 253, 255, 300, 303, 304, 310-321.

(2)   Defendants object to Exhibit Nos. 17, 23, 30, 31, 32, 35, 36, 41, 49, 50, 53, 54, 55, 56, 57, 58-88, 89, 92, 93, 94, and 95.

**11.** **WITNESS LIST OF THE PARTIES HAVE BEEN FILED WITH THE COURT**

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

John Kapeles, who is the Person Most Knowledgeable (PMK) for manufacturer Safariland, resides in the state of Wyoming and therefore may be unavailable to testify at trial.  Thus, if the need arises, Plaintiffs will read the

20

deposition testimony provided by Mr. Kapeles.  Plaintiffs will mark the deposition in accordance with L.R. 16-2.7.  Plaintiff will lodge the deposition transcript with the Clerk, prior to trial, in accordance with L.R. 32-1.

**12.** **THE FOLLOWING LAW AND MOTION MATTERS AND MOTIONS IN LIMINE, AND NO OTHERS, ARE PENDING OR CONTEMPLATED:**

A. *Plaintiffs' Motions in Limine*

1.  Motion in Limine No. 1 to Exclude or Limit Testimony of Defense Expert Kris Mohandie and Exclude "Suicide by Cop" Theory and Diagnosis of Antisocial Personality Disorder.

2.  Motion in Limine No. 2 to Exclude Evidence of Decedent's Criminal History, Prior Contacts with Law Enforcement, and Other Bad Acts.

3.  Motion in Limine No. 3 to Exclude Evidence of the County of Los Angeles' Findings that the Deputies' Use of Force Was Not Criminal, Was Reasonable, Justified, and/or Was Within Policy.

4.  Motion in Limine No. 4 to Exclude Evidence of Any Statements or Information Derived from the Undisclosed Confidential Informants.

5.  Motion in Limine No. 5 to Exclude or Limit the Testimony of Expert Clarence Chapman Opining that Decedent "had No Intention of Peacefully or Voluntarily Exiting the Location Without Motivation" and that the Fire in the Residence was "Unintentional."

6.  Motion in Limine No. 6 to Exclude Information About Decedent and His Actions Obtained After the Incident Occurred, Including But Not Limited to an Uncorroborated Statement That Decedent Called Informant on the Night of the Incident to Apologize and Disclose That he "Wasn't Going to Make it Out."

21

### B. *Defendants' Motions in Limine*

1. Defendants' Motion in Limine #1: To Exclude Evidence of Prior Claims, Lawsuits or Incidents of Use of Force Involving Commander Patrick Maxwell.

2. Defendants' Motion in Limine #2:  To Exclude Reference to Prior Incidents Involving the Use of a Burnsafe Device that Are Not Substantially Similar to the February 5, 2015 Incident.

3. Defendants' Motion in Limine #3: To Exclude any Reference to the Burn Safe Device Used in the February 5, 2015 Incident as Homemade.

4. Defendants' Motion in Limine #4: To Preclude Evidence Plaintiff Failed to Produce in Response to Discovery Propounded by Defendants.

5. Defendants' Motion in Limine #5:  To Exclude Any Evidence and/or Reference to Media Reports of Lawlessness and Use of Force by Any Los Angeles County Sheriffs' Personnel.

6. Defendants' Motion in Limine #6:  To Exclude the Introduction Into Evidence or Reference to the Report by The Citizens' Commission On Jail Violence, or the 1999 Memorandum of Understanding Between the County of Los Angeles and The Department of Justice.

7. Defendants' Motion in Limine #8:  To Exclude Any Reference by Plaintiffs' Counsel Tristan G. Pelayes to His Background in Law Enforcement.

8. Defendants' Motion in Limine #9:  To Exclude the Affirmative Opinion of Plaintiffs' Rebuttal Expert Nina Scotti Re "Fire Prevention Plan/Activities."

/ / /

**13.    BIFURCATION OF THE FOLLOWING ISSUES FOR TRIAL IS
ORDERED.**

Defendants propose bifurcation and a separate trial as the amount of punitive damages, if any, if liability is found as to any of the individual defendants. Plaintiffs contend any bifurcation should be simply liability in the first phase and damages including punitive damages in the second phase.

**14.    THE FOREGOING ADMISSIONS HAVING BEEN MADE BY THE
PARTIES, AND THE PARTIES HAVING SPECIFIED THE
FOREGOING ISSUES REMAINING TO BE LITIGATED, THIS
FINAL PRETRIAL CONFERENCE ORDER SHALL SUPERCEDE
THE PLEADINGS AND GOVERN THE COURSE OF THE TRIAL
OF THIS CASE, UNLESS MODIFIED TO PREVENT MANIFEST
INJUSTICE**

Dated: May_____, 2018

_____
UNITED STATES DISTRICT JUDGE

**Approved as to form and content**.

___ */s/ Jacob P. Menicucci* ___
TRISTAN G. PELAYES, Esq.
JACOB P. MENICUCCI, Esq.
WAGNER & PELAYES, LLP
*Attorney for Plaintiffs*

_____
**At close of business on the date of filing, Defendants' counsel had yet to
approve this proposed order.**
DOUGLAS L. DAY
HAROLD G. BECKS & ASSOCIATES
*Attorney for Defendants*

_____
[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             ) ss:
COUNTY OF RIVERSIDE          )

     I, the undersigned, declare:

     I am employed in the County of Riverside, State of California.  I am over the age of 18 years and not a party to this action; my business address is 1325 Spruce Street, Suite 200, Riverside, California 92507.

     On the date written below, I served the document named below on the parties indicated below, in the following manner:

☒  **(CM/ECF)** I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court Central District of California by using the court's CM/ECF system on the date written above.  I certify that all participants in the care are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

**DOCUMENT:**

**PARTIES SERVED:**

Harold G. Becks, Esq.            *Attorneys for Defendants*
Douglas L. Day, Esq.
Ronald S. Housman, Esq.
HAROLD G. BECKS & ASSOCIATES
3250 Wilshire Blvd., Suite 708
Los Angeles, California 90010
Telephone: (213) 385-9852    Fax No.    (213) 385-1370
hbecks@beckslaw.com
dougday@beckslaw.com
rhousman@beckslaw.com

☒  **(FEDERAL)**  I declare under penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     Executed on April _____, 2018 at Riverside, California.

                  _____
                  Yolanda Serrano