Dennis E. Wagner, Esq. (SBN: 99190)
Tristan G. Pelayes, Esq. (SBN: 206696)
WAGNER & PELAYES, LLP
1325 Spruce Street, Suite 200
Riverside, CA  92507
Tel.:  (951) 686-4800
Fax:   (951) 686-4801
dew@wagner-pelayes.com
tgp@wagner-pelayes.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN SOARES, TIFFANY SOARES, et al.,<br><br>     Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, SHERIFF JIM MCDONNELL, et al.,<br><br>    Defendants. | CASE NO: 2:17-cv-00924-RGK-AS<br><br>**NOTICE OF UNOPPOSED MOTION AND MOTION FOR APPROVAL OF MINOR'S COMPROMISE OF S.V. AND J.V.; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed concurrently w/ Declarations of Dennis E. Wagner and Jayda MacCaskie; and [Proposed] Order]*<br><br>**DATE:**   May 7, 2019<br>**TIME:**    10:00 a.m.<br>**CRTRM:**  540<br><br>*Magistrate Judge Alka Sagar* |

//

//

1

NOTICE OF UNOPPOSED MOTION AND MOTION FOR APPROVAL OF MINOR'S COMPROMISE OF S.V. AND J.V.

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 18, 2019 in Courtroom 540 of the United States District Court, located in the Roybal Building, located at 255 E. Temple St., Los Angeles, CA, 90012, or as soon thereafter as the matter may be heard by the Honorable Alka Sagar, Plaintiff Jayda MacCaskie, as Guardian Ad Litem and mother to Plaintiffs J.V. and S.V., minors, by and through their counsel of record, hereby move this court for an order approving the settlement of the claims of the minor plaintiffs and the distribution of the settlement funds to the minors as set forth herein.

Moving parties make this motion under Federal Rule of Civil Procedure 17(c), Local Rule 83-5.1 and Code of Civil Procedure § 372.  The grounds set forth for approval of the minors' compromise is set forth in the attached Memorandum of Points and Authorities and supporting declarations.

**LOCAL RULE 7-3 COMPLIANCE**

Counsel for the parties and Plaintiffs, has conferred with defense counsel, Douglas Day via email on or about March 13, 2019 and, pursuant to that discussion, counsel for the Defendants has indicated they do not intend to oppose the instant motion and have no objection to having the minor's compromise proceed with or without a hearing, as the court deems fit.

Dated:  March 22, 2019

WAGNER & PELAYES, LLP

DENNIS E. WAGNER, ESQ.
TRISTAN G. PELAYES, ESQ.
Attorneys for Plaintiffs

2

## MEMORANDUM OF POINTS AND AUTHORITIES
## I.
## INTRODUCTION AND FACTUAL BACKGROUND

Plaintiffs include the Mother of the Decedent, Dawn Soares; the sister, Tiffany Soares; adult child, Alissa Varnedoe; and Jayda MacCaskie as Guardian Ad Litem and Mother to two minors, J.V. and S.V.  Plaintiffs filed suit as a result of the alleged civil rights violations that resulted in the death of Decedent, Leroy Genaro Varnedoe aka Michael Soares.  Plaintiffs' claims stem from the death of Decedent Leroy Varnedoe aka Michael Soares who was gassed and burned to death while in his home after Los Angeles Sheriff's Department Deputies threw highly flammable gas grenades into his home.  This event occurred February 5, 2015 at his home located on Gadsden Ave, Lancaster, California.   The highly flammable gas grenade was housed in a handmade container and quickly engulfed the house, because it was used improperly and ignited a piece of furniture (a couch).  There was no plan to handle the foreseeable fire and as a result, Decedent died a horrific death, suffering from thermal burns to more than 80% of his body and severe smoke inhalation.

The container device that was used by deputies to house the canister was never tested in a manner consistent with industry standards, and no one from the Sheriff's Department knows who manufactured it.  No one knows where it came from, when it was introduced into the SEB arsenal, or if it had ever been tested prior to being allowed to be used by SEB.  In total, over 14 types of chemical agents were thrown into the house which was approximately 1100 sq. ft. which is in excess of permissible industry standards, especially since no one had communicated with the Decedent as they had no idea if he was incapacitated or not. Further, some of these chemical grenades were specifically manufactured to be used exclusively "outdoors" and were so labeled.

1   The individual officers ignored the warning labels on the gas devices
2   deployed, the warning labels stated the gas grenades were not to be used indoors
3   because of a high probability of starting a fire.  The commanding officer on scene,
4   the officer who developed the gas plan, the incident commander who authorized
5   the gas plan, and the person designated by the Sheriff's department as the person
6   most knowledgeable regarding the use of chemical munitions were all uninformed
7   on the warnings and its proper use.

8   Los Angeles County failed to reasonably train its deputies in the use of
9   highly flammable and dangerous chemical munitions. This includes the failure to
10  read the warning label, the failure to heed the warning and to use the device
11  outside. The Los Angeles County Sheriff's Department failed in both its
12  responsibilities and duties to properly investigate the events post-incident that
13  resulted in Decedent's death.

## II.
## PLEADINGS AND SETTLEMENT

16  The original complaint was filed on February 3, 2017.  A FAC was filed on
17  November 9, 2017 which contained Claims for Relief for Wrongful Death, under
18  42 U.S.C. §1983; Violation of Decedent's Fourth Amendment Rights Against
19  Unreasonable Search and Seizure; Violations of Plaintiffs' Civil Rights to Familial
20  Relationship under 42 U.S.C. §1983; *Monell*; and a Survival Action.  Plaintiffs are
21  the family of the decedent including his mother, sister, children and mother of his
22  children.  The case involved approximately 29 depositions of witnesses, parties,
23  experts and doctors.  The case was also the subject of a motion for partial summary
24  judgement on the issue of *Monell* liability.  The case ultimately settled in
25  approximately June of 2018 for $1,250,000. It has taken many months since then
26  for the review and oversight process within the County of LA to approve the
27  settlement.  The settlement was approved by the Board of Supervisors for the

28

4

County of LA on March 12, 2019.  This minors compromise petition was then prepared and filed with this court.

The settlement of $1,250,000.00 is to be split equally between all Plaintiffs. Attorneys fees for the Adult Plaintiffs is 45% per the fee agreement.  Attorneys for the minor Plaintiffs have agreed to reduce their fees to 25%.  The total costs incurred in the case is $71,674.34 and is to be split equally among all Plaintiffs.

The breakdown is as follows.

## A. <u>Adult Plaintiffs</u>:

1. Dawn Soares
2. Tiffany Soares
3. Alissa Vernedoe
4. Jayda MacCaskie

The gross sum awarded to the Plaintiff Adults is $833,332.00 which represents the Adult portion of the settlement and includes attorney's fees and proportionate costs of the case.  The attorney's fees and costs are payable to Wagner & Pelayes, LLP.

| | |
|---|---|
| Allocation for adults (4): | **$833,332.00** |
| Attorney's fees for adults (45%): | **-$374,999.40** |
| Costs for adults (4/6 portion): (*Total costs:  $71,674.34÷6=$11,945.72*) | **-$  47,782.90** |
| Balance due to adult clients (gross): | **$410,549.70** |
| Balance due to each adult client (*gross÷4*): | **$102,637.42** |

## B. <u>Minor Plaintiffs, J.V. and S.V.</u>:

Each of the minor Plaintiffs shall receive $144,304.78, to be made payable to an annuity issuance company for the right of each of the minors to receive guaranteed future benefits.

Attorney's fees on behalf of the minors has been reduced from what the Adults are paying to 25% for a total sum $104,167.00, which includes attorney's fees. The minors' proportional costs to Wagner & Pelayes, LLP is $23,891.44.

5

For the minor children, the gross award is $416,668.00, less 25% attorney's fees and their proportional share of costs of $23,891.44.  The is a net value to the children of $288,609.56.  Each minor will have an annuity funded with the sum of $144,304.78, when divided between the two minor Plaintiffs.

Total attorney's fees and costs for the children is $128,058.44. Total attorney's fees and costs for all Plaintiffs is $550,840.74.

| | |
|---|---|
| Allocation for children (2): | **$416,668.00** |
| Attorney's fees for children (25%): | **-$104,167.00** |
| Costs for children (2/6 portion):<br>(*Total costs:  $71,674.34÷6=$11,945.72*) | **-$  23,891.44** |
| Balance due to children (gross): | **$288,609.56** |
| Balance due to J.V. and S.V. separately:<br>(to fund annuities) | **$144,304.78** |

### III.
### LAW
### APPROVAL OF THE MINOR'S COMPROMISE IS APPROPRIATE

A petition to settle, compromise or dismiss a claim in an action involving a minor or incompetent person shall conform to California Code of Civil Procedure § 372 and California Rule of Court 3.1384."  These code sections refer to the requirements of court approval and the need to sequester funds recovered on behalf of a minor until the age of majority, and incorporate other rules requiring disclosure of various pertinent facts.  Movant hereby provides and discloses the required information in this memorandum and the attached declaration of counsel.

### IV.
### DISCLOSURE OF INFORMATION PURSUANT TO
### CALIFORNIA RULE OF COURT 7.950, et seq.

1. Minor S.V. is a 12-year-old female born in the year 2005 to Jayda MacCaskie and the decedent Leroy Genaro Vernedoe aka Michael Soares.

6

2. Minor J.V. is a 16-year-old female born in the year 2002 to Jayda MacCaskie and to the decedent Michael Soares.

3. The Plaintiffs allege as set forth previously, that the Defendants deprived them of their family relationship with their father when his civil rights were violated when they intentionally used hot gas in a device knowing that the use of this combination inside a residence could cause a fire. A fire was caused by using hot gas in the device which set the house on fire resulting in the fatality of the minor plaintiffs' father.

4. The minor children have suffered a deprivation of their father's care, comfort and loss of companionship and will continue to suffer deprivation in their familial relationship with respect to their father.

5. Medical treatment is not pertinent to either of the minors.

6. Medical billing is not relevant to either of the minors.

7. The gross settlement for the minor children is $416,668.00. Attorney's fees of 25%, or $104,167.00 is requested. The minor children's portion of the costs incurred in the case (2/6 portion) is $23,891.44. The children will receive a gross sum of $288,609.56 for which each child shall receive $144,304.78 to go to an annuity issuer. The Annuity to be funded for each child shall be in the sum of $144,304.78. The contingency of 45% for all Plaintiffs was reduced to 25% for the minors as part of this fee application.

8. The gross settlement is $1,250,000.00. The adult plaintiffs will receive $833,332.00 to be apportioned four ways. Attorney's fees at a rate of 45% are per the fee agreement. The total costs in the case were $71,674.34. The adult portion is $47,782.90. Therefore, each adult plaintiff will receive $102,637.42 after attorney's fees and costs.

//

//

7

## V.
## DISCOVERY OF ATTORNEY'S INTEREST PURSUANT TO CALIFORNIA RULE OF COURT 7.951

1.   This Petition was prepared by Dennis E. Wagner, Esq. (SBN: 99190), Wagner & Pelayes, LLP, 1325 Spruce Street, Suite 200, Riverside, California 92507, Tel: (951) 686-4800.

2.   The law offices of Wagner & Pelayes, LLP did not become concerned with this case at the instance of any party against whom the claim of the minor is asserted.

3.   The law offices of Wagner & Pelayes, LLP, represent the plaintiffs in this case but are not employed by any other party or insurance carrier involved.

4.   The law firm of Wagner & Pelayes, LLP has not received any compensation for their services in connection herewith from any person.

5.   The law firm of Wagner & Pelayes, LLP, expects to receive gross compensation from the adults in this case of $374,999.40, in addition to their portion of costs in the sum of $47,782.90.  The proportionate costs and attorney's fees for the adults is $442,782.30 which does not include the proportionate costs or reduced attorney's fees sought for the minors.

6.   Wagner & Pelayes, LLP and Plaintiffs agreed to and accepted a contingency fee, plus reimbursement for costs advanced with the retainer agreement providing for 45% in attorney's fees for any recovery.  The retainer also provides for the collection of statutory attorney's fees pursuant to 42 U.S.C. § 1988 if allowed, after verdict.

//
//
//

8

## VI.
## MOVANT BELIEVES THAT THE SETTLEMENT IS IN THE BEST INTEREST OF THE MINOR PLAINTIFFS

Movant has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to the minors' claims the parties responsible for the incident, and the nature, extent and seriousness of the minors' claims. Movant further understands that if the compromise proposed in this petition is approved by the Court and is consummated, the claimants will be forever barred from seeking any further recovery of compensation even though the claimants' injuries and loss might in the future appear to be more serious than they are now thought to be. Movant is informed and believes that the minors have made a sufficient recovery from the effects of their injuries and losses so as to justify the resolution of this matter in accord with the terms of the settlement agreement. Movant recommends the compromise settlement to the Court as being fair, reasonable, and in the best interest of the minors, and request that the Court approve this compromise a settlement and make such other and further order as may be just and reasonable.

Dated: March 22, 2019

WAGNER & PELAYES, LLP

DENNIS E. WAGNER, ESQ.
TRISTAN G. PELAYES, ESQ.
Attorneys for Plaintiffs

9